UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES DEAN KUKAN,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:22CR00102 AGF |

**ORDER DENYING REVOCATION OF DETENTION ORDER**

This matter is before the Court on Defendant James Dean Kukan's Motion to Revoke Order of Detention, pursuant to 18 U.S.C. § 3145(b). (Doc. No. 34.) In his motion, Defendant seeks revocation of the detention order of the Magistrate Judge entered on March 3, 2022 (Doc. No. 32), and to admit Defendant to bail on a combination of conditions of release. The Court held a hearing on Defendant's motion and reviewed the matter *de novo*. After careful review, the Court will deny the motion to revoke the Order of pretrial detention.

**Background**

Defendant is charged, by indictment, with three counts of the Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and punishable under 18 U.S.C. § 2251(e). Defendant is facing a mandatory minimum sentence of fifteen (15) years on each count. The parties agree that there is a statutory rebuttable presumption

of detention in this case.

> Subject to rebuttal by the person, it shall be presumed that no conditions or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed – . . . an offense involving a minor victim under section . . . 2252A(a)(2) . . . of this title.

18 U.S.C. § 3142(e)(3)(E).

The facts related to the investigation are detailed in the court file and will be only summarized here. As alleged in the Affidavit in support of the Criminal Complaint (Doc. No. 2), the FBI Washington Field Office was conducting an online undercover investigation when a user, they later identified as Defendant, joined an online group focused on dad/daughter incest. Defendant was attempting to sell hidden camera videos of his minor children. Following additional investigation, a search warrant was issued with respect to Defendant's residence on February 16, 2022. In an interview, Defendant admitted to using the Kik application, but denied using Kik to send or receive images of nude children. However, a search of the Dell laptop computer and Apple iPhone from the residence found approximately 234 spy cam videos of the three victims, which are the Defendant's minor children. Some of the videos depict Defendant setting up the hidden cameras, and also reflect communications with others on various platforms in which Defendant attempts to sell the videos. During the search a small amount of illegal substances, including

methamphetamine, and drug paraphernalia were located in the basement. Further details of the investigation are contained in the Affidavit, the pretrial services report, and the government's response to Defendant's motion (Doc. No. 36). Defendant is charged by indictment in three counts with the production of child pornography, one count related to each victim.

The Magistrate Judge held a hearing on the government's motion for pretrial detention on February 18, 2022, at which the parties offered argument. The parties were given the opportunity to supplement the pretrial services report (the "Pretrial Report") after it was filed, but neither party offered any supplement. To date, neither party has contested the information contained in the Pretrial Report. The Magistrate Judge ordered Defendant be detained pending trial, finding that Defendant had not introduced sufficient evidence to rebut the presumption that arose based on the nature of the charges. The Magistrate Judge further found by the proper standards that there was no condition or combination of conditions that would reasonably assure the safety of any other person and the community or the appearance of Defendant as required. (Doc. No. 32).

Defendant filed the instant motion to revoke the detention order, which the government has opposed. The Court held a hearing on May 10, 2022. The parties offered argument, but no testimony. The government offered a disk that contained three recordings of calls Defendant made from jail, the first two consisting of a video

call and telephone call that Defendant had with his wife, and the third a telephone call with his mother. (Govt. Ex. 1). Portions of the calls were quoted in the government's opposition to the motion to revoke bond. Defendant had no objection to the admission of the exhibit and agreed to the Court's review of the recordings following the hearing, which the Court has done.

## Discussion

The record reflects that Defendant is 37 years old, and has lived in the Eastern District of Missouri most of his life. Until these charges unfolded, he lived with his wife and children. He has been employed with a single employer, a construction company, for 16 to 17 years. Although he has a positive net worth in excess of $169,000, the assets are not liquid, and he is currently involved in divorce proceedings. Defendant reported no mental health history, and reported minimal substance abuse issues. He represented to the pretrial services officer that he rarely used marijuana and only occasionally consumed alcohol. He reported he had a DUI charge from when he was 19, and was ordered to participate in SATOP. The pretrial services report shows, however, that it was a DWI that occurred when Defendant was 23. In further conflict with Defendant's statements, Defendant's wife reported that Defendant has struggled with substance use "off and on" for years, including a history of methamphetamine use. That Defendant has in fact struggled with methamphetamine use or addiction is evidenced by statements he made in his recorded jail calls.

Defendant has three prior criminal convictions: a 2006 felony conviction for possession of controlled substance except 35 grams or less of marijuana; and two misdemeanor convictions, one DWI (in approximately 2008)[1] and a 2021 conviction for operating a vehicle in a careless and imprudent manner, involving an accident; possession of marijuana; possession of paraphernalia; and not properly wearing a seatbelt. Defendant completed the term of probation imposed on the first offense, but his probation was revoked with respect to his second offense, with a 60-day suspended execution of sentence and two years of probation, which was thereafter completed. He was separately cited for failure to appear on each of the three cases.

Defendant represents he can live with his parents in Winfield, Missouri, or with his aunt in St. Ann; that his parents would serve as third-party custodians and post their home as collateral; and that he could be subjected to home incarceration with electronic monitoring. The record reflects that his parents' home is across the street from, and within 1000 feet of, a high school. Further, the government has proffered, without dispute, that Defendant's brother, who also lives at his parents' home, has a 2017 felony conviction, including for knowingly burning or exploding and property

[1] Although the dates of the conviction and related court proceeding are conflicting and unclear, the parties agreed to the essential facts: Defendant was charged with a DWI and received a suspended imposition of sentence and two-year term of probation. He failed to appear, and thereafter his term of probation was revoked. He was sentenced to 60 days, with a suspended execution of sentence, and placed on two years of probation, which he thereafter completed.

damage 1st, as well as several misdemeanor DWI convictions. Defendant further stated that he could live with his aunt in St. Ann, but no information was presented with respect to his aunt. Citing to nationwide statistics, Defendant asserts that neither the weight of the evidence nor the nature and circumstances of the offense validly predict either the risk of flight or danger to the community.

The Government has continued to oppose Defendant's release on bond, arguing that Defendant has not rebutted the presumption that arises in this case and that on these facts, there are no conditions or combination of conditions that will adequately assure the appearance of the Defendant and the safety of the community.

The Court conducted a *de novo* review of the Government's motion for pretrial detention, including a review of the case filings, the letter from Defendant's wife submitted to the Court,[2] and has listened to the detention hearing held before the Magistrate Judge and to the recordings of the telephone calls on Govt. Ex. 1. Defendant correctly notes that under § 3142(e), Defendant '"bears a limited burden of production – not a burden of persuasion – to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight."'

[2] After Defendant submitted the letter in support of Defendant's release, Defendant's wife advised she no longer wanted to support his release, and the letter was withdrawn. At the hearing Defendant advised that she had changed her mind and authorized the letter to be submitted in support of Defendant's release on bond. While the Court gives weight to the letter, the Court also recognizes the emotional and financial strain Defendant's wife is under, as evidenced by her demeanor and statements in her telephone calls with Defendant by the fact that she has twice changed her mind about the letter.

*United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). If Defendant meets that burden, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.* Factors to consider in determining whether a condition or combination of conditions will reasonably assure the defendant's appearance and the safety of the community include (1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, past conduct, criminal history, and record concerning appearance at court proceedings; and (4) the seriousness of the danger to the community or to an individual. *Id.*; *see* 18 U.S.C. § 3142(g).

Based on the entire record, the Court finds that Defendant has not rebutted the presumption that arises in this case. That Defendant's parents would post the equity they have in their home and would serve as third-party custodians, coupled with the fact that Defendant did ultimately appear to address his three prior charges, arguably meets Defendant's burden of production with respect to the risk of flight. But it does not rebut the presumption regarding the risk of dangerousness. Defendant's parents' home presents its own risks, given its proximity to a high school and the fact that Defendant's brother, who has substantial criminal history, would also be residing there. Given the nature of the offenses – which involve Defendant placing hidden

cameras and selling pornographic images of his children online, and also receiving child pornography – it could be quite difficult to police Defendant's behavior. And Defendant has presented nothing to suggest they understand and are able to provide the level of supervision that may be required. Defendant's suggestion that he live with his aunt does not address these concerns, as Defendant has presented no information regarding his aunt or that proposed living situation. Defendant's methamphetamine abuse serves to inject more uncertainty and risk into the situation.

Even assuming Defendant met his burden of production, however, the Court nevertheless finds, on *de novo* review, that the government has met its burden to establish by a preponderance of the evidence that there are no conditions that will reasonably assure Defendant's appearance. Defendant has three prior citations for failure to appear. He is facing very serious charges that carry a substantial mandatory minimum sentence, that could increase his incentive to flee. While he has had stable employment, there is no information with respect to whether that employment is still available to him, and he is going through a divorce and no longer welcome to live with his family. Further, from the evidence in the record, Defendant has a history of problems with alcohol. And it appears that Defendant has not been honest with the pretrial services office with respect to his drug abuse. Based on information received from his wife and his own statements made in his recorded jail calls, Defendant had a substantial problem with methamphetamine at the time of his arrest that he did not

disclose to the pretrial services officer.

The Court also finds that the government has met its burden to establish by clear and convincing evidence that no combination of conditions will reasonably assure the safety of the community. The charges against Defendant are quite egregious, involving the production of a large number of pornographic videos of his minor children, using hidden cameras in his home, and then efforts by Defendant to sell the videos to others in chat rooms. The evidence in support of the charges is quite strong. *See Abad*, 350 F.3d at 798-99 (district court abused its discretion in finding of no danger to the community, although defendant had no prior criminal history, finding the nature of the crime – sexual activity with a minor – for which there was strong evidence, weighed heavily against release). As set forth above, the conditions suggested by Defendant do not adequately address these dangers.

Defendant cites to statistics involving others charged with violent offenses who have not committed new offenses on bond, and defense counsel proffers that Defendant could receive treatment. The Court notes that both the undersigned and other judges in this district have often released defendants facing child pornography charges on bond. However, many of the defendants charged with child pornography who have been released on bond by this Court were not involved in the production of child pornography, and often readily admitted to their conduct and engaged in treatment while on bond. That is not the case with Defendant; to the contrary,

Defendant was not honest with the pretrial officer with respect to his substance abuse issues, and based on statements by his wife and statements made during the recorded telephone conversations, it appears Defendant has not been honest with either his wife or the pretrial services officer with respect to his financial debts. Finally, and significantly, Defendant has made threatening and violent statements in recorded jail calls since his arrest.

## Conclusion

For the foregoing reasons, having carefully reviewed the matter *de novo*, the Court finds that Defendant has not rebutted the presumption that arises in this case with respect to dangerousness, and further finds that the government has met its burden to prove by a preponderance of the evidence and by clear and convincing evidence, respectively, that there are no conditions or combination of conditions that will adequately assure Defendant's appearance and the safety of the community.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant James Dean Kukan's Motion to Revoke Order of Detention is **DENIED**. [ECF No. 34]

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of May, 2022.