UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-cr-102 AGF |
| | ) |
| JAMES DEAN KUKAN, | ) |
| | ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

1. **PARTIES:**

The parties are the defendant JAMES DEAN KUKAN, represented by defense counsel Adam Fein, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to the lesser included charges of Attempted Production of Child Pornography in Counts II and III of the charge, the Government agrees that no further federal prosecution will be brought in this District relative to the defendant's Production, Distribution, Receipt or Possession of Child Pornography between October 2021 and February 2022, of which the Government is aware at this time.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. Furthermore, the parties agree to recommend to the Court that the Court sentence defendant within the range of 180 months and 240 months imprisonment. The parties agree that either party shall request a sentence within this range pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein. Further, should the Court not follow this recommendation and sentence the defendant to a higher sentence, the parties agree that will not serve as a basis for the defendant to withdraw the plea of guilty.

3. **ELEMENTS:**

As to Counts II and III, the defendant admits to knowingly violating Title 18, United States Code, Section 2251(e), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Attempted Production of Child Pornography are: (1) defendant knowingly attempted to use a minor to engage in sexually explicit conduct, (2) for the purpose of producing a visual depiction of such conduct, and (3) said visual depiction was produced using materials that have been transported in interstate or foreign commerce.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

1. On February 14, 2022, the defendant, using Kik username "Jbo666666", entered a Kik group. Thereafter, the defendant began communicating with an FBI undercover agent (UC) in a private chat conversation. In these communications, the defendant offered to sell spy videos of his three minor female daughters (Victim 1, and Victim 2, and Victim 3) and his wife, including

2

ones showing them getting in and out of the shower and going to the bathroom. The defendant then sent the UC a video file that depicts, in part, Victim 1 getting in and out of the shower.

2. The defendant told the UC that he could get new pictures every day.

3. The defendant asked the UC to pay him between $60 to $100 for the videos using PayPal, CashApp or cryptocurrency.

4. The defendant then sent an additional video file to the UC that depicts, in part, Victim 1 sleeping on a couch wearing a shirt and panties, with her legs spread, and the camera zooms in on Victim 1's pelvis area. The defendant then sent an additional video file to the UC that depicts, in part, the backside of Victim 1 nude in the bathroom shower tub.

5. On February 16, 2022, United States Magistrate Judge Patricia L. Cohen signed a federal search warrant for the defendant's residence. FBI agents and other law enforcement officers executed the warrant the same day.

6. The defendant agreed to talk with agents inside an unmarked law enforcement vehicle parked at the residence. The interview was audio recorded. Prior to being asked any substantive questions, the defendant was advised of his Miranda rights and he signed a form acknowledging his rights and that he agreed to speak with officers.

7. During the interview, the defendant admitted to using the Kik application, including to talk to others. The defendant stated that he did not recall his Kik username and further stated that he had last used the application about a week ago.

8. The defendant admitted that he used an Apple iPhone and further stated that there were laptops in the residence but denied using any laptops.

9. Law enforcement officers seized the defendant's Apple iPhone 11 from the basement stairs of the defendant's residence. The device was manufactured outside the State of

3

Missouri. This device was forensically examined and found to contain images and videos reflecting the defendant's attempts to produce child pornography involving Victims 1, 2 and 3 that had creation dates ranging from October 2021 to February 2022. Some of these videos show the victims in a bathroom, while other videos show the victims in a bedroom. Also found on this device were communications between the defendant and others using the applications Kik, Snapchat, Telegram and WhatsApp where the defendant attempted to sell spy camera videos of his minor female daughters and wife.

10. Law enforcement officers also seized a Dell laptop computer containing a Seagate 250 GB hard drive from the basement of the defendant's residence. The device was manufactured outside the State of Missouri. This device was forensically examined and found to contain videos reflecting the defendant's attempts to produce child pornography involving Victims 1, 2 and 3 that had creation dates ranging from October 2021 to February 2022.

11. In summary, the defendant admits that between October 2021 and February 2022, the defendant knowingly attempted to use Victim 2 (who was then a 12-year-old minor female related to the defendant) and Victim 3 (who was then a 16-year-old minor female related to the defendant) to engage in sexually explicit conduct by recording them in a lewd and lascivious display of their genitals using a hidden camera device. In total, the defendant created multiple videos of child pornography using his Apple iPhone 11 and Dell laptop computer, both of which were manufactured outside the State of Missouri. The defendant further admits that he knowingly attempted to sell these videos and other images and videos of Victims 1, 2 and 3 to others using the Internet.

5. **STATUTORY PENALTIES:**

As to Counts II and III, the defendant fully understands that the maximum possible penalty provided by law for the crime of Attempted Production of Child Pornography to which the defendant is pleading guilty is imprisonment of not more than thirty years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than **life** and not less than five years. **The defendant fully understands that the crime of Attempted Production of Child Pornography to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least fifteen years.**

The defendant understands that the Court may impose the sentences to run consecutively (one after the other), or concurrently (at the same time).

Additionally, per 18 U.S.C. § 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, in addition to other assessments, the Court may impose an assessment for each count of no more than: $50,000.00 if convicted of child pornography production as defined by 18 U.S.C. § 2259(c)(1), which includes offenses under 18 U.S.C. § 2251(a)–(c) (production of child pornography).

6. **U.S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

    a.    **Chapter 2 Offense Conduct:**

        (1)    **Count II – Production of Child Pornography**

5

    **(a)**     **Base Offense Level:** The parties agree that the base offense level is **thirty-two (32)**, as found in Section 2G2.1(a).

    **(b)**     **Chapter 2 Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

        (i)     **Two (2)** levels should be added pursuant to §2G2.1(b)(1)(B) because the "offense involved a minor who had attained the age of twelve years but not attained the age of 16 years."

        (ii)     **Two (2)** levels should be added pursuant to §2G2.1(b)(3) because the defendant knowingly engaged in distribution.

        (iii)     **Two (2)** levels should be added pursuant to §2G2.1(b)(5) because the defendant was a relative of the minor involved in the offense.

**(2)**     **Count III – Production of Child Pornography**

    **(a)**     **Base Offense Level:** The parties agree that the base offense level is **thirty-two (32)**, as found in Section 2G2.1(a).

    **(b)**     **Chapter 2 Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

        (i)     **Two (2)** levels should be added pursuant to §2G2.1(b)(3) because the defendant knowingly engaged in distribution.

        (ii)     **Two (2)** levels should be added pursuant to §2G2.1(b)(5) because the defendant was a relative of the minor involved in the offense.

6

    **b.**    <u>**Chapter 3 Adjustments**</u>: The parties recommend that the following adjustments, other than acceptance of responsibility, apply:

    (1)    Counts II and III (Production of Child Pornography) do not group to any other counts pursuant to Section 3D1.2 because: the counts do not involve the same victim and the same act or transaction; the counts do not involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan; one count does not embody conduct that is treated as a specific offense characteristic in, or other adjustments to, the guidelines to another of the counts; and Section 2G2.1, the guideline for Production of Child Pornography, is not one of the guidelines required to be grouped under 3D1.2(d).

    (2)    The offense levels for the counts are as follows:

        (a)    For Count II (Production of Child Pornography) the offense level is thirty-eight (38).

        (b)    For Count III (Production of Child Pornography) the offense level is thirty-six (36).

    (3)    Pursuant to Section 3D1.4(a) (Determining the Combined Offense level), Count II (Production of Child Pornography) counts as one (1) unit because it has the highest offense level.

    (4)    Pursuant to Section 3D1.4(a) (Determining the Combined Offense Level), Count III (Production of Child Pornography) counts as one unit, because it is "equally serious" as the Group with the highest offense level.

    (5)    Pursuant to Section 3D 1.4 (Determining the Combined Offense Level),

7

**two (2)** levels should be added because the total number of units is two. This places the offense level, after application of Section 3D1.4, at **forty (40)**.

    c.    **Repeat and Dangerous Sex Offender Against Minors**: The parties agree that **five (5)** levels should be added pursuant to Section 4B1.5(b)(1) because "defendant's instant offense of conviction is a covered crime ... and the defendant engaged in a pattern of activity involving prohibited sexual conduct..." The defendant's instant offenses of conviction (Production of Child Pornography) is a covered crime because it was "perpetrated against a minor [Victim 2 and Victim 3], under ... chapter 110" of title 18, United States Code. Therefore, the offense level, after the application of Section 4B1.5(b)(a), is **forty-five (45)**.

    c.    **Acceptance of Responsibility:** The parties agree that **three (3)** levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

    d.    **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is **forty-two (42)**.

    e.    **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category.

The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

    **f.**    **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.**    **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

    **a.**    **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

    **(1)**    **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

    **(2)**    **Sentencing Issues:** The parties agree to waive the right to appeal all sentencing issues, provided that the Court sentences the defendant to the parties' joint recommendation of between 180 and 240 months imprisonment. Otherwise, the adversely affected party—the defendant if the sentence is higher, or the Government if the sentence is lower—reserves the right to appeal only sentencing issues related to: (1) application of Sentencing Guideline offense-level adjustments (including those based on criminal history) not specifically set forth in the plea agreement or non-application of adjustments specifically set forth in the

agreement; (2) calculation of the defendant's criminal history category; or (3) substantive reasonableness.

      **b.**    **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

      **c.**    **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.**    **OTHER:**

      **a.**    **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

      **b.**    **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

      **c.**    **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not

possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

      d.    **Mandatory Special Assessment:**  Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before October 1, 2019, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. §2251(a) (production of child pornography).

11

The assessment imposed under 18 U.S.C. § 3014 is in addition to the mandatory special assessment imposed under 18 U.S.C. § 3013.

    e.    **Possibility of Detention:**  The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

    f.    **Fines, Restitution and Costs of Incarceration and Supervision:**  The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty.

    g.    **Forfeiture:**  The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. The defendant specifically agrees to the forfeiture of the following: Apple iPhone 11 and Dell laptop. The defendant consents that the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against the Apple iPhone 11 and Dell laptop. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the Government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant

knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

The defendant knowingly and voluntarily waives any right, title, and interest in the Apple iPhone 11 and Dell laptop seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely

and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

8/25/2023
Date

KYLE T. BATEMAN
Assistant United States Attorney

8/25/23
Date

JAMES DEAN KUKAN
Defendant

8/25/23
Date

ADAM FEIN
Attorney for Defendant

16